IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) |
| THE RECTOR AND VISITORS | ) |
| OF THE UNIVERSITY OF VIRGINIA, | ) |
| et al. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION AND MEMORANDUM
FOR LEAVE TO PROCEED UNDER A PSEUDONYM
AND FOR A PROTECTIVE ORDER**

Plaintiff John Doe, by counsel, moves this Court for an order allowing him and Jane Roe to proceed in this case under a pseudonym, and for a protective order prohibiting Defendants and any other officials or employees of the University of Virginia ("University") from disclosing his identity or that of Jane Roe's, and the other witnesses who participated in the underlying University disciplinary proceeding.

The Complaint alleges that the Defendants investigated the Plaintiff for allegations of sexual misconduct, but the alleged conduct falls outside of the jurisdiction of the University's own policies. The conduct alleged in this case giving rise to the Title IX investigation did not occur on the University's campus or in the context of a University employment or education program. It occurred off University property and outside the context of a University employment or education program or activity. The University

cannot establish the only available basis of its purported jurisdiction to investigate and sanction the Plaintiff: that the conduct had continuing adverse effects on, or created a hostile environment for students, employees, or third parties. In fact, the University never exercised its authority to act on a finding that the Plaintiff's ongoing participation in University activities constituted a threat to health or safety or that his presence had continuing adverse effects or created a hostile environment for students, employees or third parties while on University property or in University education programs or activities.

Following the alleged events that are the subject of the Title IX investigation and throughout the period of the investigation, the Plaintiff participated fully in the University's education programs and other activities. There is no evidence in this case that the Plaintiff was other than a student in good standing, with no disciplinary record, or any credible basis for believing he was a threat or that his presence created a hostile environment.

Though the University lacks jurisdiction, the Defendants nevertheless investigated Plaintiff over the entire course of his fourth and final year, over a time period contrary to the University's own policies and procedures and extending approximately five times longer than is typical. The Plaintiff has consistently maintained his innocence and put forward evidence supporting his exoneration. After he did so, the University's communications with the Plaintiff fell dormant after he responded in early February 2019 to a Draft Investigation Report, issued December 18, 2018, which did not contain sufficient evidence to find him responsible for the alleged misconduct. His response was

made after an unjustified two-month delay in the issuance of the December 18, 2018, Draft Investigation Report, which included no evidence dated later than October 2018.

Per the University's polices and procedures, an investigation is deemed closed at the issuance of the Draft Investigation Report.

After February 2019, and without notice to the Plaintiff, the Defendants pursued the investigation, and the investigator worked with Jane Roe to secure additional information in the form of Jane Roe's phone records and an interview of her close friend. While the existence of this information was known to the Defendants in August and September of 2018, it was not made known to the Plaintiff or included in the Draft Investigation Report. While the re-opened investigation was secretly underway, the University summarily suspended Plaintiff by refusing to confer his degree, even though he completed all degree requirements, and is in good standing with the University.

The Plaintiff was allowed to participate in the University's graduation ceremony. After graduation, the investigator relied on this new information to erroneously find Plaintiff responsible for sexual assault in the Final Investigation Report issued on May 22, 2019, over ten months after the investigation began. Plaintiff had no knowledge that the investigation had been re-opened, was being actively pursued, or that the investigator was coordinating with Jane Roe. He was provided no notice or opportunity to respond to the new information the investigator developed with Jane Roe's help. In the Final Investigation Report, the investigator did not objectively evaluate the evidence. The investigator arbitrarily chose not to believe some of Jane Roe's testimony, but to believe other of her statements. His inconsistent findings reflect the lack of objectivity. The

investigator disregarded deadlines established by the University's policies and procedures.  The investigator also disregarded truthful statements provided in Plaintiff's affidavit under oath, and instead credited an unsworn interview of Jane Roe, in violation of University policy providing that any decision not to participate, or be interviewed, could not be used against the Plaintiff.  Plaintiff accepted an offer of employment and is now facing loss of employment and other harm and damage because the Defendants refuse to confer his degree.

The Complaint alleges that Defendants violated Plaintiff's constitutional due process rights and breached a contract with Plaintiff.  Plaintiff seeks a final judgment requiring Defendants to confer Plaintiff's degree and to remove any notations of this disciplinary process from his education records, and to permanently enjoin Defendants from continuing to enforce its policies against Plaintiff and from making any notations in any of Plaintiff's educational records pertaining to the allegations.

## ARGUMENT

The Plaintiff and the complainant in the underlying case, along with the witnesses, should be allowed to proceed under pseudonyms because this case arises out of facts of a highly sensitive and personal nature and involves the ability and willingness of witnesses to participate in Title IX investigations.

While there is a presumption in favor of openness in the federal courts, parties in certain cases are permitted to proceed anonymously.  Courts in the Fourth Circuit are guided by several factors, including:

> Whether the justification asserted by the requesting party is
> merely to avoid the annoyance and criticism that may attend
> any litigation or is to preserve privacy in a matter of sensitive
> and highly personal nature; whether identification poses a risk
> of retaliatory physical or mental harm to the requesting party
> or even more critically, to innocent nonparties; the ages of the
> person whose privacy interests are sought to be protected;
> whether the action is against a governmental or private party;
> and, relatedly, the risk of unfairness to the opposing party
> from allowing an action against it to proceed anonymously.

*Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 592-593 (E.D. Va. 2016), citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

In this case, the use of pseudonyms will preserve privacy in the resolution of a serious sexual misconduct claim against the Plaintiff, which allegations are sensitive and highly personal in nature. Plaintiff's identification would cause further mental harm because his name will be associated with being a rapist in a highly-charged atmosphere, even though he has consistently maintained his innocence and challenges the University's policies and procedures in finding him responsible. The parties and witnesses are young persons whose reputations will be impacted by their identification in this court proceeding, and whose future educations and ability to find employment could be diminished by the loss of anonymity. While the Defendants are government parties, the accusations against the Plaintiff are sufficiently severe that they rise to the level of "extraordinary circumstances" that support of the use of a pseudonym. *Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d at 584 (citation omitted). Nor can Defendants show that they would be prejudiced in their defense by the use of pseudonyms – their own investigation is at issue, they know the identities of all the involved individuals, and they knew of the impending lawsuit before it was filed. Finally, the issues involved in this litigation are not

5

dependent on the identities of the specific individuals, but rather the application of the University's policies and procedures. The public's interest in these proceedings is not diminished by merely sealing those individuals' names from public view.

Here, denying the Plaintiff the ability to proceed under a pseudonym would deny him effective relief. Plaintiff seeks to correct unconstitutional errors on the part of the Defendants, so that his degree will be conferred, he will be able to maintain his employment, and retain his good reputation. Courts in the Fourth Circuit frequently find that plaintiffs accused of sexual misconduct, and particularly in Title IX investigations, are justified in proceeding anonymously. *See e.g.*, *Nelson v. Green*, No. 3:06-cv-00070, 2007 U.S. Dist. LEXIS 23125, 2007 WL 984127 (W.D. Va. March 28, 2007); *Doe v. Washington & Lee Univ.*, No. 6:14-cv-00052, 2015 U.S. Dist. LEXIS 102426, 2015 WL 4647996 (W.D. Va. Aug. 5. 2015; *Doe v. Va. Polytechnic Inst.*, 2018 U.S. Dist. LEXIS 192931, 2018 WL 5929647 (W.D. Va. Nov. 13, 2018);

Finally, misconduct proceedings in educational environments are confidential, and it "makes little sense to lift the veil … simply because *the university* erred and left the accused with no redress other than a resort to federal litigation." *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d at 593 (emphasis in original). To require the identification of the persons involved would "discourage aggrieved students from seeking recourse when they fall victim to defective university disciplinary procedures or may discourage victims from reporting sexual misconduct in the first instance." *Id.* Finally, if the witnesses' identities are disclosed, then the identity of Plaintiff and therefore the identity of his accuser will be discoverable.

6

## CONCLUSION

Plaintiff John Doe respectfully requests the ability to proceed under a pseudonym throughout this lawsuit, and that Jane Roe and the witnesses in this case be afforded the same protection to preserve their privacy in a sensitive and highly personal matter. Proceeding under pseudonyms does not create any risk of unfairness to Defendants.

DATED: June 25, 2019

                                JOHN DOE

                                By counsel

ST. JOHN, BOWLING, LAWRENCE & QUAGLIANA, LLP

By:    */s/Rhonda Quagliana*
       Rhonda Quagliana (VSB# 39522)
       Francesca E. Fornari (VSB#70989)
       416 Park Street
       Charlottesville, Virginia 22902
       (434) 296-7138
       Facsimile: (434) 296-1301
       rq@stlawva.com
       fef@stlawva.com
       Counsel for Plaintiff John Doe

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2019, Plaintiff's Motion for Leave to Proceed Under a Pseudonym and for a Protective Order was served by electronic mail to Defendants' counsel, Timothy J. Heaphy, at the University of Virginia Office of General Counsel at theaphy@virginia.edu.

                                */s/Rhonda Quagliana*