IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:19-cv-38_____ |
| v. | ) |
| | ) |
| THE RECTOR AND VISITORS | ) |
| OF THE UNIVERSITY OF VIRGINIA, | ) |
| et al. | ) |
| | ) |
| Defendants. | ) |

**REPLY TO DEFENDANT UNIVERSITY OF VIRGINIA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

The Plaintiff, John Doe ("Mr. Doe"), by counsel, submits the following in reply to Defendant University of Virginia's Memorandum in Opposition:

Defendant University of Virginia ("the University") misleads this Court out of the gate, using the word "subterfuge" to falsely charge Mr. Doe and his attorneys with attempting to "circumvent" the University's procedures. Nothing could be further from the truth. Mr. Doe and his attorneys have repeatedly challenged the University's jurisdiction to investigate and sanction him in a Title IX proceeding. Mr. Doe has attempted to address the issue of jurisdiction both in the forum designated – the Title IX proceeding – and also with the University of Virginia General Counsel's Office. University counsel know full well why Mr. Doe refrained from filing suit, and should avoid suggesting that Mr. Doe and his attorneys manufactured an emergency in the timing of his motion for a temporary restraining order ("TRO"). Mr. Doe requested that

1

the University stay the Panel Hearing scheduled for July 1, 2019, pending resolution and it refused, leaving Mr. Doe with no other avenue and dictating the timing of this request for a TRO.

The University frankly misses the entire point of Mr. Doe's claims. At the Panel Hearing scheduled for July 1, 2019, an institution lacking the authority to do so, will force Mr. Doe to undergo a hearing to determine his responsibility for an alleged sexual assault. While the Title IX investigator makes a preliminary recommendation or finding of responsibility, his finding is not binding until reviewed and affirmed at a Panel Hearing. For that reason, Mr. Doe's claim is ripe at precisely this moment and serves the entire purpose of injunctive relief. The adverse action taken by the University occurred when it refused to confer Mr. Doe's degree, just a few weeks ago. Since then, Mr. Doe has acted in good faith and sought to resolve a dispute without the need for litigation. Contrary to the drama-laden statements contained in the University's Memorandum, Mr. Doe sought relief from this Court as soon as possible, but not prior to exploring every option available to resolve the issues without litigation.

The Court should reject the preposterous argument that, in effect, "all's well that ends well." The University suggests that Mr. Doe may well be found not responsible at a Panel Hearing, voiding his claims. Or, he might be expelled and permanently lose his job and suffer other obvious and substantial harms. Again, the University's position entirely misunderstands Mr. Doe's complaint: the University lacked authority to subject him to its process under its Title IX Policy. Nevertheless the University effectively suspended Mr. Doe indefinitely just prior to graduation and refused to confer his degree. Mr. Doe asks

to be restored to the status quo before action taken wholly without authority under the University's Title IX Policy. Now, the University seeks to subject Mr. Doe to additional process for which it lacks authority, and ironically, recommends that if he is exonerated, then there is "no harm no foul."

Finally, there will be no evidence whatsoever supporting the University's suggestion that it had authority to adjudicate his "off-Ground's conduct." On page 10 of its Memorandum, the University contends that jurisdiction existed if Mr. Doe's conduct created a continuing hostile environment. In fact, that would be the only condition under University Policy conferring jurisdiction. There will be no evidence in this case supporting a claim of a "continuing adverse effect" that affected a human being while on University property, as required by the Policy. For that reason, Mr. Doe is likely to succeed on the merits.

The Court should grant Mr. Doe's request for a TRO. Weighing the equities, the harm to Mr. Doe will be great if the Panel Hearing is permitted to proceed. The University makes no case that it will suffer any harm by the temporary delay sought.

WHEREFORE, Plaintiff John Doe respectfully requests that his Motion for Temporary Restraining Order and Preliminary Injunction be granted.

                                                    JOHN DOE

                                                    By counsel

3

Case 3:19-cv-00038-GEC  Document 8  Filed 06/26/19  Page 3 of 4  Pageid#: 231

ST. JOHN, BOWLING, LAWRENCE & QUAGLIANA, LLP

By:   /*s/ Rhonda Quagliana*/
      Rhonda Quagliana (VSB# 39522)
      Francesca E. Fornari (VSB#70989)
      416 Park Street
      Charlottesville, Virginia 22902
      (434) 296-7138
      Facsimile: (434) 296-1301
      rq@stlawva.com
      fef@stlawva.com
      Counsel for Plaintiff John Doe

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: counsel of record; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

/*s/ Rhonda Quagliana*/