Exhibit 11

# Diane Mathews

| | |
|---|---|
| **From:** | Diane Mathews <dkm@stlawva.com> |
| **Sent:** | Tuesday, May 28, 2019 3:49 PM |
| **To:** | ecb6y@virginia.edu |
| **Cc:** | 'Rhonda Quagliana'; theaphy@virginia.edu; bmeek@virginia.edu; |
| **Subject:** | |
| **Attachments:** | 20190528155252445.pdf |

Ms. Babb,

Please see the attached correspondence from Ms. Quagliana.

Should you have any questions, please do not hesitate to contact us. Thank you.

Sincerely,

Diane Mathews, Paralegal
St. John, Bowling, Lawrence & Quagliana, LLP
416 Park Street
Charlottesville, Virginia 22902
(434) 296-7138
(434) 296-1301 Fax

Notice: This email may contain attorney-client privileged information, privileged work product, or other confidential information. It is intended only for the designated recipient. If you receive this message and are not a designated recipient you are requested to delete this message immediately and notify me that you have received this by mistake. Thank you.

# St. John, Bowling, Lawrence & Quagliana, LLP

| | | |
|---|---|---|
| Attorneys at Law<br>416 Park Street<br>Charlottesville, VA 22902 | Tel: (434) 296-7138<br>Fax: (434) 296-1301<br>www.stlawva.com | James M. Bowling, IV<br>Francis McQ. Lawrence<br>Rhonda Quagliana<br>K. Jay Galloway<br><br>Of Counsel<br>Francesca E. Fornari<br>Retired<br>George R. St. John |

Exhibit 11

May 28, 2019

**VIA EMAIL [ecb6y@virginia.edu]**

Ms. Emily Babb
Assistant Vice President for Title IX Compliance/Title IX Coordinator
University of Virginia Office for Equal Opportunity and Civil Rights
O'Neil Hall, 445 Rugby Road
Charlottesville, VA 22904

      Re: ▮

Dear Ms. Babb:

    To ensure its timely receipt, ▮ asked me, as his advisor, to provide you with his Response to the Final Investigation Report, which is due today. His response is as follows:

1. I contest the finding of responsibility that I violated University Policy by committing sexual assault.
2. I object to the statements of the Complainant and witnesses to the extent the statements are used against me to support a finding of responsibility in the Final Investigation Report ("FIR").
3. I provided a truthful account of the events, including a statement under oath and on my honor as a student, that I had the Complainant's affirmative consent. I provided this testimony under oath in the form of a sworn affidavit.
4. The investigation was not fair and complete and I have not had an equal opportunity to be heard, nor have I received sufficient notices under the Policy.
5. The Draft Investigation Report ("DIR") issued in December did not contain sufficient evidence for a finding of responsibility.
6. I received no notice that the investigation continued after what was supposed to be the conclusion of the investigation.

James M. Bowling, IV: jmb@stlawva.com • Francis McQ. Lawrence: fml@stlawva.com
Rhonda Quagliana: rq@stlawva.com • K. Jay Galloway: jay@stlawva.com
Francesca E. Fornari: fef@stlawva.com

Exhibit 11

Emily Babb May 28, 2019 Page 2 of 3

7. After issuing the DIR, the investigator took it upon himself and coordinated only with the Complainant to develop new evidence used to find me responsible. He did not work with me or reach out to my advisor to determine whether we had new or additional evidence relevant to the investigation.
8. The investigator then relied heavily on this new material – a friend of the Complainant who was known to the investigator in September 2018, and the phone records of the Complainant which were also available in August 2018 – to find me responsible under the Policy.
9. I was provided no opportunity to address this new information developed with the Complainant over a period of months after the DIR had been issued, and it appeared the matter had fallen dormant and that the University was no longer pursuing the matter.
10. The investigator did not objectively evaluate the evidence and his inconsistent findings in the FIR reflect the lack of objectivity.
11. The FIR quotes at length the unchallenged opinions of a nurse examiner. The investigator provides no basis for ignoring outright the contrary opinion of a qualified expert who also examined the medical evidence in this case.
12. I had a right under the Policy not to participate or be interviewed, and my decision not to participate or be interviewed in the investigation cannot be used against me. The investigator violated the Policy, relying heavily for his finding of responsibility on what he perceived as my insufficient description of events in my affidavit. In addition, his findings show that he disregarded my truthful statements provided in an affidavit under oath, and credited instead an unsworn interview of the Complainant.
13. Finally, the University lacks jurisdiction over this matter under its own Policy. The Complainant is not affiliated with the University in any capacity, as the investigator wrote in the FIR. No other provision in the Policy confers jurisdiction over this matter.

\*\*\*

Should you have any questions, please do not hesitate to contact me.

Exhibit 11

Emily Babb	May 28, 2019	Page 3 of 3

Sincerely,

*[signature]*

Rhonda Quagliana

RQ/dkm

Cc:  Timothy J. Heaphy, Esquire (*via email*)
     Barry T. Meek, Esquire (*via email*)
     ███████████████████████████