ENTERED

CLERK'S OFFICE, U.S. DIST. CT.
AT CHARLOTTESVILLE, VA
FILED
JUN 24 1998
MORGAN E. SCOTT, JR., Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

DINA M. PADULA, )
)
    Plaintiff, )
) Civil Action No. 98-0047-C
v. )
) **MEMORANDUM OPINION**
THE RECTOR AND VISITORS OF )
THE UNIVERSITY OF VIRGINIA, )
et al., )
)
    Defendants. )

    This case is before the court on a motion by the plaintiff, Dina M. Padula ("Padula"), for a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure. Padula filed suit against the Rector and Visitors of the University of Virginia, the University of Virginia Honor Committee ("Honor Committee"), and Kelly Mann ("Mann") (collectively "the defendants") under 42 U.S.C. §1983, alleging that they violated her due process rights under the Fourteenth Amendment. Padula claims that she did not receive a fair hearing before she was expelled from the University of Virginia ("the University"). Padula now asks the court to enter an injunction compelling the University to award her a diploma pending final resolution of her case.[1] The court finds that, even if the balance of hardships were to favor Padula, she has failed to show a grave or serious question as to whether the defendants violated her right to due process. Accordingly, the court denies Padula's motion.

---

[1] Padula appealed the finding of guilt in her honor trial and the Honor Committee has granted her a new trial.

## I.

On February 17, 1997, a teaching assistant in a psychology class at the University filed an honor violation charge against Padula after she submitted a paper very similar to that of another student. No further substantive developments in Padula's honor case occurred until October, 1997.[2] At that time, Padula, after inquiring as to the status of her case, was informed that her "confrontation," a step in which the student investigative counsel confronts an accused student, would occur on November 5, 1997. Padula claims that defendant Kelly Mann, who was acting as Padula's "advisor,"[3] provided Padula with a written copy of her rights on the day of her confrontation but failed to explain those rights to her. Padula also states that she answered the investigative counsels' questions on Mann's advice. An Investigative Panel ("panel") convened on January 27, 1998 to consider the charge against Padula,[4] and Padula claims that she relied on Mann's advice to testify before the panel. The panel formally accused Padula of an honor offense on that date and Padula requested a trial on February 4, 1997. Padula's trial subsequently was scheduled for March 1, 1998.[5] At two pre-trial conferences, a panel ruled to suppress Padula's previous statements, as they had been given in violation of her right not to be compelled to testify

---

[2] The defendants have stated that this delay was caused, in part, by the fact that the charge against Padula was filed close to the spring semester examinations and the ensuing summer recess.

[3] According to the bylaws of the Honor Committee, advisors are to provide students involved in the honor process with emotional and confidential support and to provide neutral and impartial information.

[4] The Honor Committee bylaws then in effect required the investigative panel to convene within three weeks after the beginning of the investigation.

[5] Honor Committee bylaws required the trial to take place within two weeks of the student's request for a trial, absent extraordinary circumstances.

2

against herself. A panel decided to reconsider this issue at a subsequent pre-trial hearing, however, based on letters submitted by Mann stating that she had supplied Padula with her constitutional rights prior to Padula making her statements.[6] The panel subsequently ruled that Padula's statements were admissible. The Honor Committee found Padula guilty following her trial on April 11, 1998, and she was expelled from the University. Padula appealed the decision and the Honor Committee has granted her a new trial.[7] Padula states that she has completed the course work necessary for a degree in Anthropology and that she wishes to attend graduate school in the upcoming academic year. She claims that she is unable to enroll in graduate school, however, without an undergraduate degree.

## II.

Padula argues that, because she would suffer more harm absent an injunction than the defendants would incur with an injunction, she need not show a likelihood of success on the merits in order to prevail on her motion. Padula argues that the balance of hardships weighs in her favor because she is unable to enroll in graduate school without an undergraduate diploma and the University will suffer no injury by granting her a diploma pending final resolution of her case. The University counters by arguing that the harm to Padula absent an injunction would be slight because she has been granted a new trial. The University also claims that an injunction would cause it hardship because a University diploma could be revoked only by a meeting of the general faculty, which takes place only once a year in the spring, and that granting Padula's motion would

---

[6] Mann previously had resigned as Padula's advisor.

[7] As of the hearing on the present motion, no date had been set for Padula's new trial.

3

damage the tradition of the University's honor system. The court finds, however, that, regardless of how it views the balance of hardships in this case, Padula has failed to show that her case raises grave or serious questions that the defendants violated her right to due process. The court, therefore, denies Padula's motion.

In deciding whether to issue a preliminary injunction, a district court must consider "(1) the likelihood of irreparable harm to a plaintiff without an injunction, (2) the likelihood of harm to the defendants with an injunction, (3) the plaintiff's likelihood of success on the merits, and (4) the public interest." South Carolina Dept. of Wildlife & Marine Resources v. Marsh, 866 F.2d 97, 99 (4th Cir. 1989). The Fourth Circuit has held that when the harm to the plaintiff absent an injunction decidedly outweighs the harm to the defendant with an injunction, the plaintiff does not need to make a strong showing of success on the merits. See Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 195 (4th Cir. 1977). Even in such cases, however, the plaintiff is required to make a "strong showing that the case raises grave or serious questions." James A. Merritt & Sons v. Marsh, 791 F.2d 328, 330 (4th Cir. 1986).

The Due Process Clause of the Fourteenth Amendment protects students "facing suspension or expulsion from a public educational institution." Gorman v. University of R.I., 837 F.2d 7, 12 (1st Cir. 1988). Procedural due process in such circumstances requires the state to provide the student with advance notice, a fair opportunity to be heard, and an impartial decision-maker. See id. ("Notice and an opportunity to be heard have traditionally and consistently been held to be the essential requisites of procedural due process."); Dixon v. Alabama St. Bd. of Educ., 294 F.2d 150, 158 (5th Cir. 1961) ("[D]ue process requires notice and some opportunity for hearing before a student at a tax-supported college is expelled for misconduct."); see also

4

Nash v. Auburn Univ., 812 F.2d 655, 661-65 (11th Cir. 1987).

Padula argues that a number of procedural flaws deprived her of a fair hearing before she was expelled from the University.[8] The court finds, however, Padula has failed to demonstrate a grave or serious question as to whether the defendants violated her due process rights. Padula admitted before the court that she received adequate notice of the charges against her and that the decision-maker at her honor trial was impartial. Padula also does not claim that the defendants denied her an opportunity to present her case to the Honor Committee.[9] By Padula's own admission, therefore, the state accorded her all the due process she was due. Accordingly, as Padula has failed to show a grave or serious question as to whether the defendants deprived her of

---

[8] Padula claims that she was denied due process because, inter alia, her case was not processed in a timely manner, in contravention of Honor Committee procedures; her advisor failed to inform her of her legal rights; Mann breached her duty of confidentiality by informing an honor panel that she had informed Padula of her constitutional rights before Padula testified prior to her trial; the honor panel reversed its earlier decisions to suppress Padula's statements contained in the investigative log; she was not allowed to be present at pre-trial conferences; she was unable to argue to the Executive Committee that her case should not proceed because there were no extraordinary circumstances justifying the delays in its processing; former Honor Committee members were able to continue with her case even after their terms had expired; there is no procedure allowing for an appeal of the Honor Committee's decision to a non-student entity; and the Board of Visitors has entrusted the honor system entirely to the University students and fails to supervise or provide guidance to the Honor Committee.

[9] Significantly, Padula does not argue that the delays preceding her honor trial prejudiced her ability to present her case effectively. Rather, she claims that the delays have harmed her by hindering her ability to enroll in graduate school. While this result is unfortunate, the delays themselves, absent evidence that they prejudiced Padula's ability to argue her case, do not constitute constitutional violations. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 547 (1985) ("A 9-month adjudication is not, of course, unconstitutionally lengthy per se. . . . The chronology of the proceedings set out in the complaint, coupled with the assertion that nine months is too long to wait, does not state a claim of a constitutional deprivation."); In re Charlton, 834 F. Supp. 1089, 1093-94 (E.D. Wis. 1993); Stermetz v. Harper, 612 F. Supp. 423, 432-33 (W.D. Ark.), aff'd, 794 F.2d 680 (8th Cir. 1985).

5

due process, the court denies her motion for a preliminary injunction.[10]

The court notes that it also would deny Padula's motion on the ground that Padula does not seek to preserve the status quo through the issuance of an injunction. The purpose of a preliminary injunction is to preserve the status quo pending final resolution of a party's underlying claim. Meiselman v. Paramount Film Distrib. Corp., 180 F.2d 94, 97 (4th Cir. 1952). Here, Padula is a student accused of an honor offense awaiting resolution of her case by the honor system. Padula does not request the court to preserve this scenario, but rather asks the court to compel the University to award her a diploma. Based on the record before it, however, the court likely would not compel the awarding of a diploma even if Padula prevailed in her § 1983 claim.

---

[10] In her complaint and at the hearing on the motion before the court, Padula argued that the defendants violated her right to substantive due process under the Fourteenth Amendment. Even assuming that her continued enrollment as a university student is a constitutional right justifying substantive due process review, Padula has failed to establish that the defendants acted arbitrarily in expelling her. See Regents of the Univ. of Mich. v. Ewing, 474 U.S. 214, 222-26 (1985) (stating that, assuming that the plaintiff medical student "had a substantive right under the Due Process Clause to continued enrollment free from arbitrary state action," id. at 223, "[t]he question, then, is whether the record compels the conclusion that the University acted arbitrarily in dropping [the student] from the . . . program." Id. at 225). Padula has offered no evidence, and indeed does not even argue, that the honor committee that heard her case acted irrationally or failed to properly and conscientiously consider the evidence before finding her guilty. Padula also does not argue that the defendants were motivated by ill will. See Schuler v. University of Minn., 788 F.2d 510, 515 (8th Cir. 1986) (holding that, in order to establish a substantive due process claim, a student expelled for academic reasons had to show arbitrary and capricious conduct by proving either the lack of a rational basis for the university's decision or that the decision was motivated by bad faith or ill will). Rather, Padula argues, essentially, that the series of procedural defects outlined above, along with the fact that the Board of Visitors does not supervise the Honor Committee and provides no mechanism to appeal of the Honor Committee's decisions to an outside body, combined to make her expulsion arbitrary. As detailed above, however, Padula's complaints of procedural defects fail to raise a grave or serious question as to whether the defendants violated her due process rights. Additionally, the Board of Visitors' delegation of the administration of the honor system to students did not deprive Padula of due process. See Henson v. Honor Comm. of the Univ. of Va., 719 F.2d 69, 73 (4th Cir. 1983) (holding that the University of Virginia's decision to entrust control of the honor system to its students did not deprive an accused student of due process).

6

Rather, the court would order that Padula be given a new hearing on the merits of her honor charge.

## III.

For the foregoing reasons, Padula's motion for a preliminary injunction is denied. An appropriate order will enter this day.

ENTER: This 19th day of June, 1998.

_____
CHIEF UNITED STATES DISTRICT JUDGE

A TRUE COPY, TESTE:
MORGAN E. SCOTT, JR., CLERK
BY:_____
DEPUTY CLERK

7

ENTERED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERK'S OFFICE, U.S. DIST. CT.
AT CHARLOTTESVILLE, VA
FILED
JUN 24 1998
MORGAN E. SCOTT, JR., Clerk
By: /s/ Deputy Clerk

| | |
|---|---|
| DINA M. PADULA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 98-0047-C |
| | ) ORDER |
| THE RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, et al., | ) |
| Defendants. | ) |

In accordance with the memorandum opinion entered this day, it is hereby **ORDERED AND ADJUDGED** that the motion of plaintiff Dina M. Padula for a preliminary injunction is **DENIED**.

ENTER: This 19th day of June, 1998.

_____
CHIEF UNITED STATES DISTRICT JUDGE

A TRUE COPY, TESTE:
MORGAN E. SCOTT, JR., CLERK
BY: /s/
DEPUTY CLERK