ENTERED
FILED
APR 17 2000

AT CHARLOTTESVILLE, VA
FILED
APR 17 2000
MORGAN E. SCOTT, JR. Clerk
By: _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| AYOLA GREENE,<br>    Plaintiff, | ) ) ) ) | CIVIL ACTION NO. 3:00CV0006 |
| v. | ) ) ) | MEMORANDUM OPINION |
| THE UNIVERSITY OF VIRGINIA, et al.,<br>    Defendants. | ) ) ) | JUDGE NORMAN K. MOON |

Defendants University of Virginia, et al., have moved to dismiss and/or for summary judgment pursuant to Rules 12(b)(6) and 56 because all of plaintiff's claims are barred by the applicable statute of limitations. Because significant documentation regarding the statute of limitations issue has been filed, this Court is able to make some conclusions concerning the case on a summary judgment status. Because plaintiff's suit was not filed within the applicable two-year statute of limitations and because the statute was not tolled legally or equitably, defendants' motion will be granted.

## FACTS

Plaintiff filed suit pursuant to 42 U.S.C. § 1983 and the United States and Virginia Constitutions, seeking injunctive relief, damages, and attorneys' fees for alleged racial discrimination and deprivations of due process in the revocation of her degree by the University of Virginia (hereinafter, "the University"). Plaintiff's degree was revoked three years after her May, 1992 graduation for violating the University's Honor Code while she was a student. On September 8, 1992, the University's Honor Committee conducted an investigation into plaintiff's

1

alleged writing of bad checks and she was later charged with Honor Code violations. An honor trial was then held in the spring of 1993, of which the plaintiff alleges she did not receive proper notice and at which she was convicted. Two years later, in April 1995, plaintiff (then living in New York) received a letter from University President John T. Casteen, III, informing her that the General Faculty "w[ould] be asked to revoke the degree which the Faculty granted to [her] in May, 1992" because she had admitted guilt to an honor offense by not appearing at the trial. Casteen's letter also informed plaintiff that "[t]he judgment of the General Faculty concerning revocation of your degree will be final." By letter, plaintiff responded and, among other things, noted that she "elected not to return to Charlottesville for the [1993 honor] 'trial.'" On May 19, 1995, the General Faculty unanimously voted to revoke plaintiff's degree.

Plaintiff was notified that her degree had been revoked by letter dated June 2 and received June 5, 1995. Following the revocation of her degree, plaintiff's counsel began a four-year attempt to persuade the University to reconsider its decision. Unsuccessful in their attempt, plaintiff brought suit in this Court on January 13, 2000.

ANALYSIS

Because "Congress has not enacted a statute of limitations for claims arising under § 1983," a court "must follow the most appropriate state statute." Chesapeake Bay Found., Inc. v. Virginia State Water Control Bd., 501 F. Supp. 821, 824 (E.D. Va. 1980), citing Almond v. Kent, 459 F.2d 200, 203 (4th Cir. 1972); see also Eldridge v. Bouchard, 620 F. Supp. 678, 681 (W.D. Va. 1985). Civil rights claims brought under section 1983 are governed by Virginia Code § 8.01-243(A), which establishes a two-year statute of limitations for suits for damages for personal injuries. Wilkinson v. Hamel, 381 F. Supp. 768, 769 (W.D. Va. 1974); Sitwell v. Burnett, 349 F.

2

Case 3:19-cv-00038-GEC   Document 47-4   Filed 08/02/19   Page 2 of 7   Pageid#: 570

Supp. 83, 84 (W.D. Va. 1972). In a civil rights action governed by Virginia's two-year statute of limitations, the fact that "plaintiff has requested the equitable relief of reinstatement [in this case, of her degree] as well as monetary damages cannot . . . negate the applicability of this statute of limitations." Wilkinson, 381 F. Supp. at 769.

The record is undisputed that plaintiff's degree was revoked on May 19, 1995, and she learned of the degree revocation on June 5, 1995. Since plaintiff did not file suit until January, 2000, this case is time-barred.

Plaintiff responds by asserting that the statute of limitations only begins to run after the last act of the defendant, which would be the date the University reached a final or ultimate decision concerning her degree revocation. Notwithstanding Casteen's letter stating that the decision of the General Faculty would be final, plaintiff argues that an examination of her continuing dialogue with University officials to persuade them to reconsider its revocation decision indicates that a final decision occurred on April 16, 1998 (the date of some specific communication between plaintiff's counsel and the University), November 25, 1998 (the date of a letter from the University's Office of the General Counsel explaining the University's position), or April 29, 1999 (the date of a letter from the University's Office of the General Counsel further explaining the University's position and rejecting plaintiff's settlement demand).

This court finds plaintiff's argument unpersuasive. See Ryder v. Philip Morris, Inc., 946 F. Supp. 422 (E.D. Va. 1996). In Ryder, a union declined to arbitrate a recently-terminated employee's grievance against his ex-employer and notified him that it would take no additional action. Instead of filing suit, the ex-employee and a union official engaged in a dialogue wherein the union official suggested that plaintiff should talk to management about his grievance. The

3

union official also helped plaintiff to obtain meetings with various company officials. Other union officials responded to various requests by the ex-employee by stating that they would "look into the matter and get back to [him]," but ultimately told him that they would not assist him in proceeding with a grievance. The ex-employee then filed suit, but only after the statute of limitations had run. In rejecting the argument that the statute of limitations was tolled by plaintiff's dialogue with union officials, the Ryder court noted that no formal appeals process existed and that "[i]nformal conversations, such as these, do not toll the limitations period. 'Otherwise, a plaintiff could indefinitely delay resolution of Labor disputes merely by bombarding his union with tiresome requests...'" Id. at 433, quoting Sosbe v. Delco Elecs. Div. of General Motors Corp., 830 F.2d 83, 87 (7th Cir. 1987) (other citations omitted). To the extent that plaintiff attempts to argue that her ongoing communication with the University tolled the statute of limitations, the holding of Ryder strongly counsels against such a finding.

Plaintiff also argues that the University is equitably estopped from asserting a statute of limitations defense. In Virginia, equitable estoppel is available only in extraordinary circumstances. Princess Anne Hills Civic League, Inc. v. Susan Constant Real Estate Trust, 243 Va. 53 (1992). To invoke equitable estoppel, the following six elements must be established:

(1)    A material fact was falsely represented or concealed;

(2)    The representation or concealment was made with knowledge of the fact;

(3)    The party to whom the representation was made was ignorant of the truth of the matter;

(4)    The representation was made with the intention that the other party should act upon it;

(5)    The other party was induced to act upon it; and

(6)    The party claiming estoppel was misled to her injury.

4

Boykins Narrow Fabrics Corp. v. Weldon Roofing and Sheet Metal. Inc. 221 Va. 81, 86 (1980). The factors comprising an equitable estoppel claim should be evaluated stringently by the court. Lyng v. Payne, 476 U.S. 926, 936 (1986). Each element must be proven by clear, precise, and unequivocal evidence. Boykins, 221 Va. at 86; Dominick v. Vassar, 235 Va. 295 (1988).

Plaintiff's equitable estoppel argument fails because the University did not misrepresent or conceal any material facts. While University officials responded to plaintiff's requests, at no time did they ever promise the return of plaintiff's degree or offer any encouragement that her degree would be returned. As the Ryder court noted, "[plaintiff's] 'optimistic hopes' that the Union or the company would change its decision 'falls short of demonstrating the reasonable reliance on defendant's conduct or representations necessary to justify equitable tolling.'" Ryder, 946 F. Supp. at 435, quoting Lawson v. Burlington Industries. Inc., 683 F.2d 862, 864 (4th Cir. 1982) (other citations omitted); see also Boykins, 221 Va. at 81-87 (rejecting plaintiff's equitable estoppel argument where defendant who had installed faulty roof made repeated efforts to fix roof; plaintiff eventually sued after statute of limitations period had run). Here, while plaintiff may have been optimistic of resolving her degree revocation informally rather than through the courts, the University never led her to believe that they would reconsider its decision.

This Court also rejects plaintiff's argument that the revocation of her degree is a continuing violation of her rights (thus making a statute of limitations argument irrelevant), since "federal rule establishes as the time of accrual that time when the plaintiff knows or has reason to know of the injury which is the basis for his action." Jackson v. City Council of City of Charlottesville, 659 F. Supp. 470, 473 (W.D. Va. 1987). In this case, the time of accrual was June, 1995, when her degree was revoked. Any actions by the University after that date are

5

merely consequences of the discrete act that had previously taken place.

This Court is very sympathetic to plaintiff's position. The revocation of a degree is a severe act that can have lifetime consequences. However, President Casteen wrote to Greene in April of 1995, informing her that the Judgment of the General Faculty would be final. Greene's degree was then revoked as a final act by the University. While an informal remedy may have been available through the Board of Visitors (who presumptively have ultimate authority concerning all University activities), plaintiff chose not to avail herself of that remedy. Similarly, plaintiff chose not to file suit within the statute of limitations period. While her efforts may have been in good faith, they are insufficient to toll or otherwise equitably estop the running of the statute of limitations.

## CONCLUSION

Because plaintiff failed to file suit within the two-year statute of limitations, defendants' motion to dismiss and/or for summary judgment shall be granted.

*[signature]*
U.S. District Judge

APR 1 7 2000
Date

A TRUE COPY, TESTE:
MORGAN E. SCOTT, JR., CLERK
BY: *[signature]*
DEPUTY CLERK


ENTERED
APR 17 2000

CLERK'S OFFICE, U.S. DIST.
AT CHARLOTTESVILLE, VA
FILED
APR 17 2000
MORGAN E. SCOTT, JR., Clerk
By: /s/
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| AYOLA GREENE, | ) | CIVIL ACTION NO. 3:00CV0006 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THE UNIVERSITY OF VIRGINIA, et al., | ) | |
| Defendants. | ) | JUDGE NORMAN K. MOON |

Defendants University of Virginia, et al., have moved to dismiss and/or for summary judgment pursuant to Rules 12(b)(6) and 56 because all of plaintiff's claims are barred by the applicable statute of limitations. For the reasons set forth in the attached Memorandum Opinion, defendants' motion shall be, and hereby is, GRANTED.

It is so ORDERED. The Clerk of the Court is hereby directed to send a certified copy of this Order and attached Memorandum Opinion to all counsel of record and to strike the case from the docket.

/s/ Norman K. Moon
U.S. District Judge

APR 17 2000
Date

A TRUE COPY, TESTE:
MORGAN E. SCOTT, JR., CLERK
BY: /s/
DEPUTY CLERK

1