IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| JOHN DOE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No.: 3:19-CV-00038-GEC |
| | ) |
| RECTOR AND VISITORS OF THE | ) |
| UNIVERSITY OF VIRGINIA, ET AL. | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES

Defendants Rector and Visitors of the University of Virginia (University), Frank M. Connor III, James B. Murray, Jr., Robert M. Blue, Mark T. Bowles, L.D. Britt, Whittington W. Clement, Elizabeth M. Cranwell, Thomas A. DePasquale, Barbara J. Fried, John A. Griffin, Robert D. Hardie, Maurice A. Jones, Babur B. Lateef, Tammy S. Murphy, C. Evans Poston, Jr., James V. Reyes, Jeffrey C. Walker, James E. Ryan, Emily Babb, and John Flood, by counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure, respectfully state as follows for their Answer and Affirmative Defenses.

## ANSWER

1. Defendants deny the allegations in Paragraph 1.

2. Defendants admit the allegations in Paragraph 2.

3. Defendants admit the allegations in Paragraph 3.

4. Defendants admit that the Title IX investigation of Plaintiff commenced by Notice of Investigation on August 8, 2018. Defendants deny the remaining allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

8. Defendants admit the allegations in Paragraph 8.

9. Defendants deny the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

12. Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. §§ 2201, 2202, and 1331. Defendants deny the remaining allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

14. Defendants admit the allegations in Paragraph 14.

15. Defendants admit that Plaintiff has completed his academic degree requirements. Defendants deny the remaining allegations in Paragraph 15.

16. Defendants admit the allegations in Paragraph 16.

17. Defendants admit that Frank M. Connor, III is a member of the University's Board of Visitors and that the Board of Visitors has, among other duties, the power to regulate the government and discipline of students. Defendants deny the remaining allegations in Paragraph 17.

18. Defendants admit that James B. Murray, Jr. is a member of the University's Board of Visitors and the Board has, among other duties, the power to regulate the government and discipline of students. Defendants deny the allegations in Paragraph 18.

19. Defendants admit the allegations in Paragraph 19.

20. Defendants admit the allegations in Paragraph 20.

21. Defendants admit the allegations in Paragraph 21.

22. Defendants admit the allegations in Paragraph 22.

23. Defendants admit the allegations in Paragraph 23.

24. Defendants admit the allegations in Paragraph 24.

25. Defendants admit the allegations in Paragraph 25.

26. Defendants admit the allegations in Paragraph 26.

27. Defendants admit the allegations in Paragraph 27.

28. Defendants admit the allegations in Paragraph 28.

29. Defendants admit the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants admit the allegations in Paragraph 31.

32. Defendants admit the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants admit the allegations in Paragraph 34.

35. Defendants admit that Emily Babb is the Assistant Vice President for Title IX Compliance and Title IX Coordinator. Defendants admit that Emily Babb is responsible for coordinating the University's investigation, response, and resolution of this matter and all reports under the Title IX Policy. Defendants deny the remaining allegations in Paragraph 35.

36. Defendants admit the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants admit that Plaintiff paid tuition and fees to the University and that Plaintiff completed academic requirements for a degree. Defendants deny the remaining allegations in Paragraph 38.

39. Defendants admit the allegations in Paragraph 39.

40. Defendants admit Plaintiff completed the academic requirements for a degree. Defendants deny the remaining allegations in Paragraph 40.

41. Defendants admit the allegations in Paragraph 41.

42. Defendants admit that Ms. Roe is not a University student and is not employed by the University. Defendants deny the remaining allegations in Paragraph 42.

43. Defendants admit the allegations in Paragraph 43.

44. Defendants admit the allegations in Paragraph 44.

45. Defendants admit the allegations in Paragraph 45.

46. Defendants admit that the University initiated a Title IX investigation of Plaintiff, conducted an Evaluation Panel relating to the report of Plaintiff's conduct, and did not impose interim protective measures. Defendants deny the remaining allegations in Paragraph 46.

47. Defendants admit that Plaintiff's activities on Grounds were not restricted during his Fourth Year. Defendants are without knowledge regarding the remaining allegations in Paragraph 47 and therefore deny them.

48. Defendants admit the allegations in Paragraph 48, except the allegation that the University's investigation "closed" which allegation is denied.

49. Defendants admit the allegations in Paragraph 49.

50. Defendants admit the allegations in Paragraph 50.

51. Defendants admit the allegations in Paragraph 51.

52. Defendants admit the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants admit the allegations in Paragraph 54.

55. Defendants admit that Mr. Flood conducted an interview on April 30, 2019. Defendants deny the remaining allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants admit that Ms. Babb notified Plaintiff on May 1, 2019 that his degree would not be conferred until the conclusion of the pending Title IX proceeding. Defendants deny the remaining allegations in Paragraph 57.

58. Defendants admit the allegations in Paragraph 58.

59. Defendants admit that Ms. Babb issued the Final Investigation Report on May 22, 2019. Defendants deny the remaining allegations in Paragraph 59.

60. Defendants admit the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants admit the allegations in Paragraph 62.

63. Defendants admit that no hearing has occurred because Plaintiff has sought and obtained injunctive relief preventing the University from conducting a hearing. Defendants deny the remaining allegations in Paragraph 63.

64. Defendants admit the allegations in Paragraph 64.

65. Defendants admit that the University has not conferred a degree to Plaintiff. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 65 and therefore deny them.

66. Defendants admit the allegations in Paragraph 66.

67. Defendants admit the allegations in Paragraph 67.

68. Defendants admit the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants admit the allegations in Paragraph 70.

71. Defendants admit the allegations in Paragraph 71.

72. Defendants admit the allegations in Paragraph 72.

73. Defendants admit the allegations in Paragraph 73.

74. Defendants admit the allegations in Paragraph 74.

75. Defendants admit the allegations in Paragraph 75.

76. Defendants admit the allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants admit that Title IX prohibits a hostile environment and that such an environment exists when conduct is severe, persistent or pervasive. Defendants deny the remaining allegations in Paragraph 80.

81. Defendants admit the allegations in Paragraph 81.

82. Defendants admit the allegations in Paragraph 82, except to the extent Plaintiff alleges that only the Evaluation Panel may impose interim measures, which allegation is denied.

83. Defendants admit the allegations in Paragraph 83.

84. Defendants admit that the parties in Title IX proceedings are provided an equal opportunity to be heard. Defendants deny the remaining allegations in Paragraph 84.

85. Defendants admit the allegations in Paragraph 85.

86. Defendants admit the allegations in Paragraph 86.

87. Defendants admit the allegations in Paragraph 87.

88. Defendants admit the allegations in Paragraph 88.

89. Defendants admit the allegations in Paragraph 89.

90. Defendants admit the allegations in Paragraph 90.

91. Defendants admit that the University did not convene an Evaluation Panel after the initial Evaluation Panel in this matter. Defendants admit that Plaintiff throughout this investigation enjoyed all the rights and privileges of his enrollment as a student at the University, including access to University property and to Defendants' knowledge Plaintiff fully participated in University education programs and activities. Defendants admit that at the time he was scheduled to graduate, Plaintiff was a student in good standing but for the fact that he was a respondent in an on-going Title IX proceeding. Defendants admit that the University seeks to the extent legally permissible to cooperate with law enforcement agencies in connection with student misconduct. Defendants admit that the University employs a variety of measures to monitor, identify, and act upon student misconduct. Defendants admit that they have not received any information of misconduct by Plaintiff during his time as a student except the report of sexual assault that is the subject of the pending Title IX proceeding. Defendants deny the remaining allegations in Paragraph 91.

92. Defendants deny the allegations in Paragraph 92.

93. Defendants admit that Plaintiff has not appeared for a hearing in connection with the Title IX proceeding. Defendants deny the remaining allegations in Paragraph 93.

94. Defendants admit the allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants admit the allegations in Paragraph 96.

97. Defendants deny the allegations in Paragraph 97.

98. Defendants deny the allegations in Paragraph 98.

99. Defendants admit the allegations in Paragraph 99.

100. Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 100 and therefore deny them.

101. Defendants deny the allegations in Paragraph 101.

102. Defendants admit that a Final Investigation Report was issued on May 22, 2019. Defendants admit that the Final Investigation Report contained all of the information and evidence gathered up to May 22, 2019. Defendants deny the remaining allegations in Paragraph 102.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

105. Defendants admit that the Final Investigation Report recommended a finding that Plaintiff was responsible for Prohibited Conduct of Sexual Assault under the University's Title IX Policy. Defendants deny the remaining allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

107. Defendants deny the allegations in Paragraph 107.

108. Defendants deny the allegations in Paragraph 108.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants deny the allegations in Paragraph 110.

111. Defendants admit the allegations in Paragraph 111 except to the extent Plaintiff alleges that a justiciable controversy exists which is ripe for review, which allegation is denied.

112. Defendants incorporate by reference their answers to allegations in the prior paragraphs as though fully stated here.

113. Defendants admit that Plaintiff correctly has quoted in Paragraph 113 a portion of the Fourteenth Amendment to the United States Constitution.

114. Defendants deny the allegations in Paragraph 114.

115. Defendants deny the allegations in Paragraph 115.

116. Defendants deny the allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117.

118. Defendants admit the allegations in Paragraph 118.

119. Defendants deny the allegations in Paragraph 119.

120. Defendants deny the allegations in Paragraph 120.

121. Defendants deny the allegations in Paragraph 121.

122. Defendants deny the allegations in Paragraph 122.

123. Defendants deny the allegations in Paragraph 123.

124. Defendants incorporate by reference their answers to allegations in the prior paragraphs as though fully stated here.

125. Defendants admit that Plaintiff's counsel is aware of the University's consistent application of the Title IX Policy to similarly situated parties. Defendants deny the remaining allegations in Paragraph 125.

126. Defendants admit the allegations in Paragraph 126.

127. Defendants deny the allegations in Paragraph 127.

128. Defendants deny the allegations in Paragraph 128.

129. Defendants deny the allegations in Paragraph 129.

130. Defendants incorporate by reference their answers to allegations in the prior paragraphs as though fully stated here.

131. Defendants deny the allegations in Paragraph 131.

132. Defendants admit the allegations in Paragraph 132.

133. Defendants deny the allegations in Paragraph 133,

134. Defendants deny the allegations in Paragraph 134.

135. Defendants admit the allegations in Paragraph 135.

136. Defendants deny the allegations in Paragraph 136.

137. Defendants deny the allegations in Paragraph 137.

138. Defendants deny the allegations in Paragraph 138.

139. Defendants deny the allegations in Paragraph 139.

140. Defendants incorporate by reference their answers to allegations in the prior paragraphs as though fully stated here.

141. Defendants admit that Plaintiff correctly has quoted in Paragraph 141 a portion of the Fourteenth Amendment to the United States Constitution.

142. Defendants admit the allegations in Paragraph 142.

143. Defendants deny the allegations in Paragraph 143.

144. Defendants deny the allegations in Paragraph 144.

145. Defendants admit the allegations in Paragraph 145.

146. Defendants deny the allegations in Paragraph 146.

147. Defendants admit the allegations in Paragraph 147.

148. Defendants deny the allegations in Paragraph 148.

149. Defendants deny the allegations in Paragraph 149.

150. Defendants deny the allegations in Paragraph 150.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim on which relief can be granted.

2. Plaintiff's Complaint fails to present a justiciable controversy that is ripe.

3. The University fully complied with the Fourteenth Amendment of the United States Constitution.

4. The University's policies and procedures, specifically the Title IX Policy and the accompanying Procedures comply with Title IX.

5. Any act or omission by the University giving rise to Plaintiff's claims for relief, which are expressly denied, were made in good faith and Defendants had reasonable grounds for believing that any act or omission was not a violation of the Fourteenth Amendment of the United States Constitution.

6. Plaintiff has no monetary damages and, to the extent Plaintiff has incurred any damages, the University reserves the right to assert that Plaintiff has failed to mitigate his damages.

7. The University's policies and practices, as applied to Plaintiff, do not violate the

Fourteenth Amendment of the United States Constitution.

8. The University's Title IX Policy and the accompanying Procedures do not create a contract with Plaintiff.
9. The University reserves the right to assert and rely on any other affirmative defenses which may be established during discovery.

WHEREFORE, having answered Plaintiff's Complaint, Defendants respectfully request that the Court enter judgment in favor of Defendants, dismiss the claims against Defendants with prejudice, and grant Defendants such other and further relief as the Court deems appropriate.

Date:  August 30, 2019

          Respectfully submitted,

          **RECTOR AND VISITORS OF THE**
          **UNIVERSITY OF VIRGINIA, ET AL.**


        By:  /s/ Barry T. Meek
           Counsel

Timothy J. Heaphy (VSB No. 68912)
University Counsel and
 Senior Assistant Attorney General

Barry T. Meek  (VSB No. 41715)
Associate University Counsel and
 Senior Assistant Attorney General

Melissa Wolf Riley (VSB No. 43316)
Associate University Counsel and
 Assistant Attorney General

Jasmine Yoon (VSB No. 73542)
Associate University Counsel and
 Assistant Attorney General

Office of the University Counsel
University of Virginia
P.O. Box 400225
Charlottesville, Virginia 22904-4225

Telephone: (434) 924-3586
Facsimile: (434) 982-3070
E-mail:  bmeek@virginia.edu

13

Case 3:19-cv-00038-GEC   Document 51   Filed 08/30/19   Page 13 of 14   Pageid#: 628

# CERTIFICATE

I hereby certify that on the 30th day of August 2019, a true copy of the Defendants Answer and Affirmative Defenses was served by electronic means through the Court's CM/ECF system on counsel for Plaintiff as follows:

>Rhonda Quagliana, Esq.
>Francesca E. Fornari, Esq.
>416 Park Street
>Charlottesville, Virginia 22902
>Telephone: (434) 296-7138
>Facsimile: (434) 296-1301
>Email: rq@stlawva.com
>Email: fef@stlawva.com
>
>Counsel for Plaintiff John Doe

**RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, ET AL.**

/s/ Barry T. Meek